**S. M. Pollock, Plaintiff in Error, v. Vespasian Warner, Executor, Defendant in Error.**

1. LIMITATIONS—*part payments.* In an action by an executor on a note given by defendant to testator, *held,* that there was a sufficient showing of a payment to allow the note with indorsements of payments to be introduced and *prima facie* to remove the statute of limitations.

2. SET-OFF—*where action is dismissed as to one of defendants.* Where an action by an executor on a note is dismissed as to one of the defendants, credits claimed by the other defendant for labor and expenses are the proper subject of set-off.

3. SET-OFF—*propositions of law.* In an action by an executor on a note, a proposition of law, asking the court to hold that defendant, in the absence of special contract, is entitled under the general issue to offset the value of improvements erected upon the farm of testator with the consent of testator and of which he received the benefit, is improperly refused.

4. SET-OFF—*administration of estates.* In an action by an executor on a note, a proposition of law asking the court to hold that defendant is entitled to credit for improvements made upon the farm as tenant of testator and for services performed by defendant at the request of testator is improperly refused.

5. SET-OFF—*joint and several demands.* In an action by an executor on a note, where the action is dismissed as to one of the defendants, a proposition submitted asking the court to hold that the rule that a several demand of one defendant cannot be set-off or allowed in a joint action has no application, is improperly refused.

Pollock v. Warner, 180 Ill. App. 718.

Error to the Circuit Court of DeWitt county; the Hon. WILLIAM
G. COCHRAN, Judge, presiding. Heard in this court at the April
term, 1912. Reversed and remanded. Opinion filed March 18, 1913.

E. J. SWEENEY and E. B. MITCHELL, for plaintiff in
error.

JOHN FULLER, for defendant in error.

MR. JUSTICE PHILBRICK delivered the opinion of the
court.

This is an action brought by Vespasian Warner, ex-
ecutor of the last will and testament of John Warner,
deceased, against S. M. Pollock and John Pollock.
The suit was on a promissory note dated March 2,
1897 for the principal sum of $745.50. It bears
the indorsement of two partial payments, one of
date June 6, 1898 for $78, and the other of date
June 24, 1899 for $50. During the progress of the
trial, the suit was dismissed as to John Pollock and
proceeded to judgment against S. M. Pollock. The
defenses presented by S. M. Pollock were payment of
the note, the statute of limitations, and accord and
satisfaction.

The court permitted the note together with the in-
dorsements to be introduced in evidence over objec-
tion of defendant. The court should not have permit-
ted this indorsement to have been admitted in evidence
until proof of the payment was made; but the payment
of the indorsements of June 6, 1898, having been
proven by a check of that date given to John Warner,
decd. by defendant; and the defendant having testified
that he claims the indorsement of the date June 24,
1899, and testified, "I claim that I am entitled to the
credits endorsed on the back of the note and more
too": was a sufficient showing of the payment to
allow the indorsements to be introduced in evidence
and *prima facie* to have removed the statute of limita-
tions.

A. Pollock, on behalf of the defendant, testified to an itemized account for labor and expenses performed and expended by defendant for the deceased, Dr. Warner, in his lifetime, and that his labor was performed and the items of expense made by and with the consent and under the direction of Dr. Warner, deceased, and the amount of these items is equal to almost the entire amount, principal and interest, claimed to be due upon the note, when considered in connection with the payments claimed by plaintiff to have been made.

The record also discloses that on numerous occasions, Dr. Warner in his lifetime admitted in various conversations that this note was probably paid in full, or that the defendants had paid it. The court refused to allow the credits and expense items testified to by A. Pollock, and other witnesses, holding that they were not proper items of set-off in this action and holding that a separate claim of set-off, by one defendant cannot be allowed in an action against joint defendants. This holding would have been correct if the suit had not been dismissed by plaintiff as to John Pollock, but after he was dismissed out of the case it then left S. M. Pollock as sole defendant and the claim of set-off was then proper and should have been considered by the court.

Propositions of law were submitted to the trial court by the defendant. The tenth proposition related solely in the right of S. M. Pollock, sole defendant at that time, to claim as a set-off labor performed and cash paid for Dr. Warner in his lifetime; the court refused to hold this proposition as the law. The fifteenth proposition requested the court to hold that S. M. Pollock, in the absence of any special contract, was entitled under the general issue to offset the value of improvements erected upon the farm of Warner, which improvements were made with the consent of Warner and for which he received the benefit, was refused; in the seventeenth proposition, the court was asked to hold that S. M. Pollock, who was then the sole defendant, was

entitled to credit for improvements made upon the farm as tenant of John Warner and for services performed by S. M. Pollock at the request of Warner; this was refused. In the eighteenth proposition submitted asked the court to hold that the rule that a several demand of one defendant cannot be set-off or allowed in a joint action has no application in this case where the sole plaintiff was the executor of the estate of John Warner, deceased, and S. M. Pollock was the sole defendant, this was refused.

The court erred in refusing to hold each of these propositions as the law applicable to this case. By reason of the error in so refusing to hold these propositions of law the judgment is reversed and the cause remanded.

*Reversed and remanded.*